**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**TARVIN M. HAMLER, III,**

**Defendants.**

**Case No. 22-CR-30137-SPM-2**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a *pro se* Motion for Compassionate Release, (Doc. 88), pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Tarvin M. Hamler III. The Government filed a Response opposing the Motion, (Doc. 90), and Fenderson filed a Supplemental Declaration. (Doc. 91). For the reasons set forth below, the Motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

In On March 20, 2024, Hamler pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances: Oxycodone, Hydrocodone, and Morphine (Count I); Conspiracy to Commit Burglary Involving Controlled Substances (Count II); and two counts of Burglary Involving Controlled Substances (Counts III–IV). (Docs. 50–52). On July 2, 2024, this Court sentenced Hamler to 96 months in prison, 3 years on supervised release, a special assessment of $400, restitution of $3,500, and a $1,000 fine. (Docs. 70, 73). Hamler is currently

incarcerated at Federal Correctional Institution ("FCI") Ashland with a projected release date of June 3, 2030. *See Find an Inmate*, Fed. Bureau of Prison, https://www.bop.gov/inmateloc/ (last visited October 28, 2026) (search BOP Register Number 41908-510 in "Find by Number").

On August 27, 2026, Hamler filed the instant Motion, seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 88). In support of his Motion, Hamler states that his spouse was undergoing chemotherapy and is now undergoing surgeries and that he is the only available caretaker. (Docs. 88, 91).

The government opposes Hamler's Motion, arguing that he did not exhaust his administrative remedies, and that he failed to establish that he is the only available caretaker for his wife. (Doc. 90).

## Applicable Law

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court, on their own motion, after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See id.*

After such a motion is filed, either by the director of the BOP or by a defendant, the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statements establish that the Court may consider, amongst other factors, "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Sentencing Guidelines Manual § 1B1.13(b)(3)(B) (U.S. Sent'g Comm'n 2023) (hereinafter "Sent'g guidelines"). If a defendant demonstrates that this criterion applies, the court may reduce the sentence if such a reduction is warranted under the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* § 1B1.13(a) (citing 18 U.S.C. § 3553(a)). Finally, a court must determine that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and that the reduction "is consistent with this policy statement." *Id.* § 1B1.13(a)(2)–(3).

The United States Seventh Circuit Court of Appeals has held that "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). District courts have broad discretion in determining whether the movant has established "extraordinary and compelling reasons" under the statute. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

---

[1] The applicable policy statement can be found at § 1B1.13 of the United States Sentencing Guidelines Manual (U.S. Sent'g Comm'n 2023).

## ANALYSIS

To prevail on his Motion, Hamler must establish that he exhausted his administrative remedies and that extraordinary and compelling reasons warrant a reduction of his sentence. However, even if Hamler can establish both, the Court may deny relief if the § 3553(a) factors do not support a sentence reduction. *See United States v. Suarez*, No. 20-CR-03570-BAS-1, 2023 WL 7713580, at *4 (S.D. Cal. Nov. 15, 2023). The § 3553(a) factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and otherwise accomplish the aims of the criminal justice system; (3) the kinds of sentences available; (4) the advisory guidelines sentence range; (5) pertinent policy statements by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and (7) the need to provide restitution to victims." *Romano*, 707 F. Supp. 3d at 235.

Here, regardless of whether Hamler has met his initial burdens, the Court finds that the § 3553(a) factors do not support a sentence reduction. Hamler was participating in a sophisticated and calculated criminal enterprise stealing controlled substance pharmaceutical drugs in multiple states. (Doc. 52). Additionally, Hamler has served only about half of his sentence. (Doc. 73). Although Hamler's efforts towards rehabilitation are admirable, (*see, e.g.*, Doc. 88, pp. 35–38), it is not enough to demonstrate that early release is appropriate given the nature and circumstances of his offenses. Given the substantial portion of the sentence that remains, the

seriousness of the offense, and the need to protect the public from further crimes by the Defendant, the § 3553(a) factors do not support a sentence reduction.

## CONCLUSION

For the reasons set forth herein, Tarvin M. Hamler III's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

**DATED: October 29, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**